**GEO. D. ROPER CORPORATION, NEWARK DIVISION, Plaintiff,**

v.

**LOCAL UNION NO. 16, Affiliated with Stove, Furnace and Allied Appliance Workers' International Union of North America et al., Defendants.**

Civ. A. No. 67–276.

United States District Court

S. D. Ohio, E. D.

Feb. 16, 1968.

Richard C. Kibler, Newark, Ohio, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

Zwerdling, Miller, Klimist & Maurer, Detroit, Mich., Frank A. Robison, Newark, Ohio, for defendant.

## ORDER

KINNEARY, District Judge.

This matter is before the Court on a motion to remand an action which was removed to this court pursuant to 28 United States Code, Sections 1441, 1446. The motion, the memoranda in support, the brief and answer of the defendant, and the reply to defendant's answer have been well considered.

Plaintiff commenced this action in the Common Pleas Court of Licking County, State of Ohio, by filing a petition therein containing two causes of action. The first cause of action, directed at Local Union No. 16 (herein The Union) alleged a breach of the "no strike" provision of the collective bargaining agreement between the plaintiff and the defendant Union. The second cause of action, directed at individual members of The Union, asserted the same breach. The plaintiff seeks money damages only.

The summonses and petitions in the state court were served on the defendants on or about August 10, 1967. On September 5, 1967, the defendants removed this action to this court by filing a petition for removal pursuant to 28 United States Code, Section 1446. This petition alleged that this court has jurisdiction by virtue of Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 United States Code, Annotated, Section 185, as an action arising under the laws of the United States. The petition for removal further alleges:

> The defendant Union is a labor organization representing employees in an industry affecting commerce, and plaintiff company is an employer engaged in commerce, namely an industry or activity in commerce, in which a labor dispute would burden or obstruct commerce, or tend to burden or obstruct commerce, or the free flow of commerce.

Plaintiff's motion to remand challenges the sufficiency of this allegation upon the ground that it does not designate "commerce" "as within the meaning of said Labor-Management Relations Act." Plaintiff also contends that this Court is not permitted to look beyond the original petition filed in the state court to determine the question of federal jurisdiction.

If the allegation in the petition for removal is a sufficient allegation of commerce as within the meaning of the Labor-Management Relations Act, this Court has original jurisdiction, and the motion to remand must be denied. Johnson v. England, 356 F.2d 44 (9th Cir. 1966).

> Section 301 of the Labor Management Relations Act, 29 U.S.C., Section 185, confers jurisdiction upon the District Court without regard to diversity of citizenship or jurisdictional amount to enforce collective bargaining agreements in industries affecting interstate commerce. * * *

\* \* ., \* \* \* \*

\* \* \* all rights and claims arising from a collective bargaining agreement in an industry affecting interstate commerce arise under Federal law. Avco Corp. v. Aero Lodge No. 735, Int. Ass'n of Mach. & Aero W., 376 F.2d 337, 339–340 (6th Cir. 1967).

■ Contrary to plaintiff's contention, this Court is not limited to the original petition in the determination of the jurisdictional question. Old Dutch Farms, Inc. v. Milk Drivers & Dairy Emp. U. Local Union No. 584 etc., 222 F.Supp. 125 (E.D.N.Y.1963); Katz v. Architectural & Eng. Guild, Local 66 etc., 263 F.Supp. 222 (S.D.N.Y.1966); Avco Corp. v. Aero Lodge No. 735, Int. Ass'n of Mach. & Aero W., supra. It is entirely proper to look to the petition for removal to find the required jurisdictional allegations. Central Metal Products v. International Union, 195 F.Supp. 70 (E.D.Ark.1961); Katz v. Architectural & Eng. Guild, Local 66 etc., supra; Minkoff v. Scranton Frocks, Inc., 172 F.Supp. 870 (S.D.N.Y.1959); Old Dutch Farms, Inc. v. Milk Drivers & Dairy Emp. U., Local Union No. 584 etc., supra; Fay v. American Cystoscope Makers, 98 F.Supp. 278 (S.D.N.Y.1951).

> The force of Federal preemption in this area of labor law cannot be avoided by failing to mention Section 301 in the complaint. Avco, supra, at p. 340.

Nor would the opposite view be reasonable, since the allegations necessary for federal jurisdiction would not necessarily appear in a well pleaded complaint to be filed in a state court. Further, in contesting the fraudulent joinder of parties or in setting out diversity residence, the petition for removal is the proper vehicle. Central Metal Products, supra. In this case, the Court finds no compelling reason to confine itself to a consideration of plaintiff's petition.

It has been urged by defendant that the Court take judicial notice of the activities of the parties to this action; take judicial notice of a 1949 decision of the National Labor Relations Board wherein the National Labor Relations Board found that plaintiff, in this action, was "engaged in commerce within the meaning of the NLRA;" and to consider the substance of an "Agreement of Merger" alluded to in plaintiff's petition. Without deciding the propriety of such action, the Court finds it unnecessary to pursue that course in light of its determination that the allegation in the petition for removal is a sufficient allegation of federal jurisdiction.

■ The petition for removal alleges that the parties to this action are engaged in an "industry affecting commerce" in terms similar to those used in 29 United States Code, Section 152(7), in defining the term "affecting commerce." Plaintiff does not deny that the parties are engaged in activities affecting commerce "within the meaning of the Labor-Management Relations Act." In the context of this action, wherein the parties are parties to a collective bargaining agreement and are an employer and a labor organization, the Court finds that the allegation in the petition for removal is sufficient and holds that these parties are engaged in commerce as that term is used in 29 United States Code, Section 185. Johnson v. England, supra; Katz v. Architectural & Eng. Guild, Local 66 etc., supra; Minkoff v. Scranton Frocks, Inc., supra. Therefore, the first cause of action was properly removed to this court.

*Second Cause of Action*

■ Plaintiff urges that in the event the first cause of action is not remanded that the Court nevertheless remand the second cause of action on the ground that it avers a distinctly "state-granted" cause of action.

It is quite clear that suits between employers and individual employees are included in the grant of federal jurisdiction under Section 301 of the Labor-Management Relations Act, 29 United States Code, Section 185. Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L. Ed.2d 370 (1964); Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct.

614, 13 L.Ed.2d 580 (1965); and see Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). As such they are removable under 28 United States Code, Section 1441(a) for the reasons stated above with regard to the first cause of action.

The Court determines that the motion to remand is without merit, and therefore it is denied.