**ROPER CORPORATION NEWARK DIVISION, Plaintiff,**

v.

**OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION and its Local Union No. 173, et al., Defendants.**

Civ. A. No. 69–58.

United States District Court
S. D. Ohio, E. D.
March 11, 1969.

Richard C. Kibler, Newark, Ohio and Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff, Ray J. Schoonhoven, Chicago, Ill., of counsel.

Joseph F. Lang, Jr., Newark, Ohio and Melvin S. Schwarzwald, Cleveland, Ohio, for defendants.

ORDER

KINNEARY, District Judge.

This matter is before the Court on a motion to remand an action which was removed to this court pursuant to Title 28, United States Code, Sections 1441 and 1446. The motion, the memorandum in support, the petition for removal, plaintiff's original petition and the arguments of counsel have been well considered.

Plaintiff commenced this action in the Common Pleas Court of Licking County, State of Ohio, by filing a petition therein on February 25, 1969, naming as defendants Local Union No. 173, Office and Professional Employees' International Union, AFL–CIO (herein The Union), the International Representative of The Union, the officers and committeemen of The Union and a class consisting of the remaining members of The Union. The petition alleges that: (1), the plaintiff employs approximately fifteen

hundred (1500) hourly-paid factory employees who are represented by these four (4) other labor unions:

1. Local 16, Stove, Furnace and Allied Appliance Workers' International Union of North America, AFL–CIO.
2. Local 120, Stove, Furnace and Allied Appliance Workers' International Union of North America, AFL–CIO.
3. Local 23823, The Federal Labor Union, AFL–CIO.
4. Local 463, International Association of Machinists and Aerospace Workers, AFL–CIO.

(2), each of these labor unions entered into a written collective bargaining agreement with plaintiff, and that each of said contracts contains a no strike provision, (3), the defendants are engaged in a strike, work stoppage, picketing and a concerted interruption of work at plaintiff's place of business in Newark, Ohio, (4), through picketing, verbal encouragements, threats and other activities, they have induced the hourly-paid employees to breach the no strike provisions in their respective collective bargaining agreements, and, (5), plaintiff is suffering irreparable damages and is without a speedy and adequate remedy at law. Temporary and permanent injunctive relief is sought to the exclusion of damages.

On February 25, 1969, the Common Pleas Court of Licking County issued a temporary restraining order which enjoined the defendants from:

inducing, by picketing, threats or other means, the hourly-paid factory employees represented by Locals 16 and 120 * * * Local 463 * * * and Local 23823 * * * to strike or engage in a concerted refusal to work in violation of their collective bargaining contracts with plaintiff.

The hearing for the permanent injunction was set for March 7, 1969.

On February 26, 1969, however, defendants, represented by The Union, removed the case to this court by filing a petition for removal pursuant to Title 28, United States Code, Section 1446. The petition for removal alleges that this court has original jurisdiction of this action under the provisions of Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, as an action arising under the laws of the United States, and may be removed to this court pursuant to the provisions of Title 28, United States Code, Section 1441, as plaintiff seeks to enforce the provisions of contracts between an employer and labor organizations representing employees in an industry affecting commerce as defined in said Act.

In a prior action, coincidentally involving this same plaintiff and the aforementioned Local 16, this Court determined that it is not limited to an examination of the original petition in its determination of the jurisdictional question raised herein. Geo. D. Roper Corp. v. Local Union #16, 279 F.Supp. 717 (S.D.Ohio 1968). Upon examination of the petition for removal filed in this action, the Court determines that the allegations therein are sufficient under Section 301.

Additionally, the petition for removal alleged, as a basis for removal, the existence of diversity of citizenship under Title 28, United States Code, Section 1332. In view of the Court's determination with respect to Section 301, it is unnecessary to consider this issue.

Plaintiff's motion to remand is grounded upon the argument that this cause does not arise under the laws of the United States, particularly Section 301. Although plaintiff and The Union are involved in a contract dispute within the scope of Section 301, and although The Union is on strike and picketing because of that dispute, plaintiff argues that this action is not concerned with that dispute, but only with defendants' inducement to the employees of the other unions to breach their collective bargaining agreements. Plaintiff states that the petition filed in Licking County makes no reference to or claim under the collective bargaining agreement between The Union

and plaintiff, but merely sets forth a cause of action in tort.

The Union argues that this action does involve violations of contracts between an employer and a labor organization in that this case concerns the refusal of the members of Local 16, Local 120, Local 23823 and Local 463 to cross the picket line set up by The Union, thus bringing this action within the scope of Section 301.

The Court determines that although the original action is drafted to sound in tort that substance shall prevail over form. The substance in this case appears to be that plaintiff's employees have and are engaged in a work stoppage; that the work stoppage by Locals 16, 120, 23823 and 463 is alleged to be in violation of certain collective bargaining agreements and that the relief sought would end the work stoppage. In view of the national labor policy, the duty placed on the federal district courts to fashion labor law and the facts as aforesaid, the Court determines that plaintiff's motion to remand is without merit, and therefore, it is denied.