**Hudson V. PATRICK, Plaintiff,**

v.

**I. D. PACKING COMPANY, Inc., et al.,
Defendants.**

**Civ. No. 9–2409–C–1.**

United States District Court
S. D. Iowa,
Central Division.

Dec. 24, 1969.

George G. West, Des Moines, Iowa, for plaintiff.

Dwight W. James, Des Moines, Iowa, for the defendant I. D. Packing Co. Inc.

Robert E. Conley, Des Moines, Iowa, for defendants International Union of Operating Engineers, Local 268 and International Union of Operating Engineers.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This matter is before the Court upon various motions by the defendants I. D. Packing Company, Inc. (hereinafter referred to as the Packing Company), the International Union of Operating Engineers, Local 268 (hereinafter referred to as Local 268) and the International Union of Operating Engineers (hereinafter referred to as the International Union) to strike and/or dismiss some or all of the allegations of plaintiff's complaint. The substance of the motions will be further described in subsequent paragraphs of this memorandum.

Plaintiff's complaint, as filed September 11, 1969, is in two Divisions. There is no necessity to repeat here all the detailed allegations thereof and no attempt is made to do so. Suffice it to say for purposes of these motions that in Division I plaintiff complains that the Packing Company terminated his employment and discharged him in violation of a collective bargaining agreement in existence at the time and that the the unions (Local 268 and the International Union) breached their duty of fair representation to plaintiff in not fully processing his grievance arising as a result of the wrongful discharge.

In Division II, plaintiff alleges in substance that the acts of both the Packing Company and the unions were willful and wanton and done with the consent and knowledge of each other and as part of a conspiracy by them to deprive plaintiff of his rights under the collective bargaining agreement. The complaint seeks compensatory and exemplary damages in both Divisions. Jurisdiction of the Court is premised on Section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185) and Section 102 of the Labor Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 412).

■■ The rules regulating this Court's considerations on a motion to dismiss are elementary and well established. For purposes of a motion to dismiss, the Court must consider the allegations of the complaint as true. Schenley Industries, Inc. v. New Jersey Wine and Spirit Wholesalers Ass'n, 272 F.Supp. 872 (D.C.N.J.1967). In other words, the allegations of the plaintiff are treated as admitted or as not genuinely in issue. Meltzer v. Atlantic Research Corp., 330 F.2d 946 (4th Cir. 1964). And, a complaint or any count thereof should not be dismissed for failure to state a claim upon which relief can be granted unless it appears with certainty that the plaintiff would not be entitled to any relief under any set of facts conceivably provable in support of the claim or claims stated. See Great Atlantic & Pacific Tea Co. v. Amalgamated Meat Cutters, etc., 410 F.2d 650 (8th Cir. 1969) and cases cited therein.

■■ Rules relating to a motion to strike are basically the same. It has been said that the action of striking a pleading is a drastic remedy to be resorted to only when required for purposes of justice and should be sparingly used. Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819 (6th Cir. 1963). In other words, the Court should defer action on a motion to strike a pleading and leave the sufficiency of the allegations for a determination on the merits where there is no showing of prejudicial harm to the moving party. Augustus v. Board of Public Instruction of Escambia County, Fla., 306 F.2d 862 (5th Cir. 1962).

With the foregoing thoughts in mind, attention is turned to the various motions under consideration.

### THE INTERNATIONAL UNION'S MOTION TO STRIKE

■ By this motion, the International Union asks that the Court strike from the complaint the prayer for exemplary or punitive damages. The motion is grounded on the premise that the cause of action is brought under the provisions of 29 U.S.C. § 185 and 29 U.S.C. § 412 and that these sections of the law provide for actual damages only and exclude exemplary damages.

It is true, as the Union alleges, that there is some authority for the proposition that punitive damages cannot be recovered under § 301 of the Labor Management Relations Act of 1947 (29 U.S. C. § 185). Local 127, United Shoe Workers of America, AFL–CIO v. Brooks Shoe Mfg. Co., 298 F.2d 277 (3d Cir. 1962). However, in the cited case, the Court was divided, with three of the nine judges thinking that the District Court's award of punitive damages should be upheld. Subsequently a United States District Court in Illinois has discussed the holding in Local 127, United Shoe Workers of America AFL–CIO v. Brooks Shoe Mfg. Co., *supra,* and de-

cided that in a proper case an award of exemplary damages can be had under § 301. Sidney Wanzer & Sons, Inc. v. Milk Drivers Union, Local 753, etc., 249 F.Supp. 664 (D.C.Ill.1966). In view of the more recent authority just cited, this Court is unwilling to say at this stage of the proceedings that exemplary damages can never be recovered in a Section 301 action.

There is also authority for the proposition that punitive damages may be recovered in a proper case in an action brought pursuant to Section 102 of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 412). International Broth. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, AFL–CIO v. Braswell, 388 F.2d 193 (5th Cir. 1968); Farowitz v. Associated Musicians of Greater New York, Local 802, A.F. of M., 241 F.Supp. 895 (D.C.N.Y.1965).

For the reasons stated, the International Union's motion to strike will be overruled.

### LOCAL 268's MOTION TO STRIKE

This motion, filed on behalf of Local 268, seeks relief identical to that sought by the just previously discussed motion filed on behalf of the International Union. For the reasons given in that discussion, this present motion will be overruled.

### LOCAL 268's MOTION TO STRIKE DIVISION II OF THE COMPLAINT

By this motion, Local 268 asks that the Court strike Division II of the plaintiff's complaint. The motion is based on the premise that Division II tries to predicate an action on some type of conspiracy and that this is incompatible with and preempted by the provisions of Section 301 of the Labor Management Relations Act of 1947 and Sections 101 and 102 of the Labor-Management Reporting and Disclosure Act of 1959.

The allegations attacked are substantially the same as those of plaintiff in

Desrosiers v. American Cyanamid Company, 377 F.2d 864 (2d Cir. 1967). There, in the second count, after repeating the allegations of the first, plaintiff alleged that the refusal or failure of the defendant * * * company * * * "was wanton and wilful conduct, was done with the knowledge, consent and connivance of the defendant Union and was part of a conspiracy between the defendants to deprive the plaintiff of his rights under the agreement." Defendant's motion to dismiss and for summary judgment was sustained by the trial court as to both counts. The Court of Appeals reversed as to the second count stating that the allegations if proven "might well be sufficient to overcome the employer's defense of failure to exhaust contract grievance procedures. Desrosiers v. American Cyanamid Company, *supra*, at 871.

There is no showing here that Local 268 will be prejudiced in any way by a refusal to strike plaintiff's pleading at this point in time. On the other hand, the allegations may add some substance to plaintiff's complaint. Defendants' motion to strike Division II of the complaint will be denied.

### INTERNATIONAL UNION'S MOTION TO DISMISS

The International Union moves to dismiss the complaint as to it on the grounds that the action is predicated on a collective bargaining agreement and that the International Union is not a party thereto and has no authority, jurisdiction or control of the grievance procedures thereunder.

In support of its motion, the International Union has submitted a copy of the International Union of Operating Engineers' constitution. There has been no objection to consideration of the document offered by the defendant. Therefore, the Court treats the motion as a motion for summary judgment and gives consideration to the document as submitted.

Along with others, some of the purposes of the International Union of Op-

erating Engineers are (1) to assist its members in securing and stabilizing employment, (2) to secure improved wages, hours and working conditions through assisting affiliated Local Unions in negotiating collective bargaining agreements and (3) to further, directly or indirectly, the joint interest of the members of the International Union in the betterment of general economic and social conditions in the world. See the Constitution of the International Union of Operating Engineers, Art. 1, § 2. Thus, along with his power to direct and supervise all Local Unions, Local Officers and members, for the purpose of assuring the performance of collective bargaining agreements and other duties of the bargaining representative or for otherwise carrying out the legitimate objects of the International Union, the General President has full power to suspend or remove Local Officers, suspend or revoke charters of Local Unions or to place Local Unions and their officers and members under International supervision. See the Constitution of the International Union of Operating Engineers, Article 6, § 3. And no Local Union through its committee, Local Executive Board or Business Representatives shall attempt to take or take any action involving a rupture of relations existing under a legal contract with any employer where such contract exists unless the same has been sanctioned by the General President of the International Union. See the Constitution of the International Union of Operating Engineers, Art. 23, Subdiv. 11, § (c).

The collective bargaining agreement here under consideration also tends to throw some light on the subject of the International Union's responsibility and/or liability in the premises. At the fourth step of the grievance procedure, both the Company and the grievance committee have the right to call on the General Superintendent of the Company and the International Representative of the Union to assist in the settlement of any dispute in the plant. Upon the request of the International Union, the Company will hold the Fourth Step grievance meeting in the city of the plant involved. Within ten days after receipt of a written request from the International Union for a Fourth Step grievance meeting, the parties must set a date for the holding of such a meeting. From a literal reading of the language used in the agreement, the forced conclusion seems to be that the International Union must, on request of one of the parties, invoke the Fourth Step, if it is to be invoked.

In view of the foregoing considerations, it must be concluded that in this case the International Union had, at the relevant time, the right to exercise stringent control over the Local Union and its officers. In addition, it must be assumed for these purposes that plaintiff was a member of the International Union at the relevant time. Such a relationship would seem to, of necessity, give rise to the existence of certain rights and duties on the part of both parties.

In the circumstances, as they exist in this case, this Court is unwilling to say that plaintiff could not, under any set of facts provable under his pleadings, make out an actionable claim against the International Union. The International Union's motion to dismiss will be overruled.

### THE PACKING COMPANY'S MOTION TO DISMISS OR STRIKE

This motion, presented on behalf of I. D. Packing Company, in three Divisions asks (1) dismissal of plaintiff's complaint on the ground that this Court has no jurisdiction in the premises, (2) that the Court strike portions of the complaint seeking exemplary damages and (3) that the Court strike Division II of the complaint as failing to state a claim for which relief can be granted and further that such a claim is beyond the subject matter jurisdiction of the Court.

A review of recent cases indicates that where an employee is discharged without cause in violation of a

collective bargaining agreement, either the union or the employee may sue the employer under § 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185). Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Desrosiers v. American Cyanamid Company, 377 F.2d 864 (2d Cir. 1967). In addition, it has been previously indicated that there is authority for the proposition that exemplary damages might be awarded in a proper case under § 301. Under such circumstances, the Court does not now consider whether jurisdiction also exists under other provisions of the law.

As previously indicated herein and for the reasons there given, the Court will not strike Division II of the complaint.

For the reasons heretofore stated, I. D. Packing Company's alternative motion to dismiss or strike will be denied.