**Heriberto ZAMORA, Plaintiff,**

v.

**MASSEY–FERGUSON, INC., et al., Defendants.**

Civ. No. 11–324–C–1.

United States District Court, S. D. Iowa, Central Division.

Jan. 25, 1972.

Dwight W. James and L. Warren Shank, Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, Iowa, for plaintiff.

James L. Rogers, John R. Phillips and James R. Swanger, Swift, Brown, Rogers, Winick & Randall and Edward H. Graham, Des Moines, Iowa, for defendant Massey-Ferguson.

Arthur C. Hedberg, Jr., Hawkins, Hedberg & Ward, Des Moines, Iowa, Harold A. Katz, Chicago, Ill., Katz & Friedman, for defendant Int. Union United Auto Aerospace.

## MEMORANDUM OPINION

STUART, District Judge.

This matter is before the Court on consolidated Motions of Massey-Ferguson, Inc. and the union. The specific motion will be referred to as it is considered.

Plaintiff's Complaint, filed August 6, 1971, alleged in substance: That he was an employee of Massey-Ferguson, Inc. and a member in good standing of the defendant union which represented employees at the plant where he was employed; that he was wrongfully discharged by the company; that the union perfunctorily processed his contractual grievance in the fourth step and arbitrarily refused to take his meritorious grievance to arbitration; that such failure was a wilful wanton act done with the knowledge and consent of Massey-Ferguson; that the actions of the company and the union were part of a conspiracy between them to deprive plaintiff of his rights under the collective bargaining agreement and his statutory right to fair representation. Plaintiff seeks both actual and punitive damages.

## (1)

Massey-Ferguson's Motion to Dismiss

■■ In considering whether the allegations of the Complaint state a cause of action when considering a motion to dismiss, they are accepted as true and not in issue. Patrick v. I. D. Packing Company (S.D.Iowa, 1969), 308 F.Supp. 821, 822, and citations.

Massey-Ferguson's first two grounds for a dismissal are based upon the inapplicability of section 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. section 412 to the company because it relates to the right of an employee to sue a union which has violated its duties toward an employee contained in 29 U.S.C.A. section 411.

This appears to be a correct reading of the statute. However the Court is of the opinion that the complaint here is similar to that found in Count II of Patrick v. I. D. Packing Co., Inc., supra. The Complaint alleges the company and the union conspired to deprive the employee of his rights when the company wrongfully discharged him and the union failed to faithfully represent him in this grievance against the company.

Section 301 of the Labor Management Relations Act, 29 U.S.C.A. section 185 confers jurisdiction on the court for the violation of plaintiff's rights under the collective bargaining agreement.

Plaintiff does not claim the company had to invoke arbitration or represent him. Reference to 29 U.S.C.A. section 412 was directed toward jurisdiction over the union, not the company. Conceding Massey-Ferguson had no contractual duty to invoke arbitration or represent plaintiff in a grievance procedure, this does not mean a cause of action is not stated when it is in effect alleged the company conspired with the union in that the company would wrongfully dis-

charge the employee and the union would not perform its duties to give him fair and equal representation. 29 U.S. C.A. sections 411, 412; Vaca v. Sipes (1967), 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; Patrick v. I. D. Packing Co., Inc., supra. The complaint is that the company and the union agreed that if the company discharged plaintiff the union would not press his grievances.

■ Massey-Ferguson also claims the Complaint does not state a claim against either the company or the union as it does not allege infringement of any rights given plaintiff under 29 U.S.C.A. sections 411 and 412. The Complaint as heretofore summarized does, in the Court's opinion, sufficiently allege infringement of plaintiff's right to fair and equal representation by the union and its arbitrary and capricious failure to take plaintiff's grievance to arbitration in violation of that duty. Vaca v. Sipes, supra; Patrick v. I. D. Packing Co., supra.

■ Massey-Ferguson also seeks dismissal of the claim for punitive damages. A conspiracy is alleged. Punitive damages may be allowed under such allegations. El Ranco, Inc. v. First National Bank of Nevada (1968), 9 Cir., 406 F.2d 1205, 1218; Gibbs v. United Mine Workers of America (1963), D.C., 220 F.Supp. 871, 880, 16 Am.Jur.2d 158, Conspiracy, section 64. In addition, there is authority for the proposition that exemplary damages may be awarded in a proper case under 29 U.S.C.A. section 185. Patrick v. I. D. Packing Co., supra, 308 F.Supp. at 824, 826, and citations; Sidney Wanzer & Sons, Inc. v. Milk Drivers Union, Local 753 (N.D. Ill., 1966), D.C., 249 F.Supp. 664, 670–671.

For the reasons stated above, Massey-Ferguson's Motion to Dismiss is overruled.

(2)

Massey-Ferguson's Motion to Strike

Massey-Ferguson moved to strike paragraphs 8 and 9 of the complaint.

In paragraph 8 plaintiff alleged he suffered numerous acts of vandalism which were reported to the company and union but neither made any effort to stop the vandalism. In paragraph 9 he claims he was harassed and embarrassed by representatives of the company and union who called him names relating to his Mexican background.

"The Court should defer action on a motion to strike a pleading and leave the sufficiency of the allegations for a determination on the merits where there is no showing of prejudicial harm to a moving party. Patrick v. I. D. Packing Co., Inc., supra, 308 F.Supp., at 823.

■ These paragraphs are pleadings of evidentiary matter which might be relevant to the conspiracy charge as reflecting the attitude of the company and the union. A motion to strike will not ordinarily be sustained unless it is apparent the matter can have no possible relation to the matter in controversy. Mitchell v. Hart (1966), D.C., 41 F.R.D. 138, 143. Nor will it ordinarily be granted "when the evidentiary facts pleaded provide for a better understanding of the claim asserted. Only when the narrative of evidence is tediously long or prejudicial, or the evidentiary details are inadmissible will the moving party be granted relief". Mitchell v. Hart, supra. No useful purpose would be served in striking these paragraphs at this time.

Other paragraphs are sought to be stricken because they do not relate to Massey-Ferguson. They relate to the union and the explanation made under the Motion to Dismiss is applicable to those paragraphs. Exemplary damages are also discussed under the Motion to Dismiss.

Massey-Ferguson Inc. asks that certain other matters be stricken as they are not material to a cause of action under 29 U.S.C.A. section 185. This may be true but they are material to a cause of action founded on conspiracy.

Massey-Ferguson's Motion to Strike is overruled.

### (3)

### Massey-Ferguson's Motion for More Definite Statement.

Massey-Ferguson complains the allegations are so general, vague and ambiguous that it is impossible to frame a responsive pleading thereto. FRCP 12(e). I disagree. The allegations are sufficient to advise Massey-Ferguson of the claim against it. The matters sought are subject to the broad rules of discovery, FRCP 26–37, and they provide a more satisfactory method of narrowing the issues. When this is true, motions for more definite statement are not favored.

Massey-Ferguson's Motion for More Definite Statement is overruled.

### (4)

### Union's Motion to Dismiss

The union moves to dismiss for six reasons.

1. The union claims plaintiff does not state a good cause of action because he fails to allege he exhausted grievance procedures. Instead, plaintiff alleges the union breached its duty to fairly represent him. This makes an allegation of exhaustion of grievance procedures inappropriate. Vaca v. Sipes (1967), 386 U.S. 171, 87 S.Ct. 903, 17 L. Ed.2d 842; DeArroyo v. Sindicato de Trabajadores Packinghouse, AFL–CIO (1st Cir. 1970), 425 F.2d 281.

2. The union claims plaintiff failed to properly allege it breached its duty of fair representations. The allegations of paragraphs 11, 12 and 13 are sufficient.

3. The union claims plaintiff failed to exhaust internal remedies. The Court does not believe such allegation is necessary when the cause of action is based on the wilful, wanton, arbitrary and capricious acts of the union in failing to give plaintiff fair representation. This is a matter of proof which may become important on the submission of the merits.

4. The union claims jurisdiction of this matter has been preempted by the National Labor Relations Act. This is not the law. Vaca v. Sipes, supra, 386 U.S. at 179–183.

The other two grounds were founded on matters discussed in Massey-Ferguson's Motion to Dismiss and need not be repeated here.

For the reasons hereinabove stated, the union's Motion to Dismiss is overruled.

### (5)

### Union's Motion to Strike

Some of the matters discussed under Massey-Ferguson's Motion to Strike are applicable here and are dispositive of the matter raised. The Union's Motion to Strike is overruled.