**IRONTON COKE CORPORATION,**
Plaintiff,

v.

**OIL CHEMICAL & ATOMIC WORKERS INTERNATIONAL UNION et al.,**
Defendants.

No. C–1–79–258.

United States District Court,
S. D. Ohio, W. D.

June 16, 1980.

Warren H. Morse, Columbus, Ohio, for plaintiff.

David Clayman, Columbus, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

The Ironton Coke Corporation brought this action against the Oil, Chemical and Atomic Workers International Union, Local 3–552, and individual members of that union following a wildcat strike at plaintiff's place of business in Ironton, Ohio. The strike was the result of a dispute between the Company and the defendants concerning the suspension of an employee in the bargaining unit. The parties agree that the dispute which precipitated the strike was a proper subject for grievance under the collective bargaining agreement.

The Company, relying on the no-strike provision in Article XI of the collective bargaining agreement, immediately sought a temporary restraining order which was granted. The strike lasted a total of four days and the Company later withdrew its request for a preliminary injunction hearing.

In its complaint the Company sought injunctive relief enjoining the strike, compensatory damages in the amount of $100,-000.00 per day of the strike, and $1,500,-000.00 in punitive damages. The Company seeks damages against the Unions, alleging that their officers and representatives encouraged the strike or alternatively that they failed to take action to end the strike. The Company also seeks damages against the named individual defendants and the "class of defendant employees" in their individual capacities.

Although plaintiff alludes to a class of defendant employees in its complaint, no motion requesting class certification has ever been filed. Local Rule 3.9.3 requires a party asserting a class action to move for a class determination within 90 days after the filing of the complaint, which the plaintiff has failed to do. Local Rules, Southern District of Ohio. The Court does not recognize any class or the maintenance of class action in this case (see Section III below).

The matter is now before the Court upon defendants' motion to dismiss.

## I. *JURISDICTION*

The Company asserts jurisdiction pursuant to 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act), which provides in pertinent part as follows:

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

(b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

This statute grants the Court jurisdiction to enforce collective bargaining agreements affecting industry engaged in interstate commerce. *Avco Corp. v. Aero Lodge No. 735 Int. Ass'n of Mach. & Aero W.*, 376 F.2d 337 (6th Cir. 1967). *Geo. D. Roper Corp.,*

*Newark Division v. Local Union No. 16*, 279 F.Supp. 717 (S.D.Ohio 1968). This matter is a contractual dispute over the no-strike clause in the collective bargaining agreement and Ironton Coke Corporation certainly qualifies as an industry affecting commerce. Therefore jurisdiction is proper and defendants' motion to dismiss for lack of jurisdiction is hereby DENIED.

## II. *PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF*

Originally, the Company sought an order enjoining the defendants from striking and ordering the union to exercise its powers to end the strike. Both sides now agree that the issues necessitating injunctive relief are now moot. The only issues remaining before the Court are plaintiff's requests for compensatory and punitive damages. Accordingly, the Company's request for injunctive relief is hereby DISMISSED.

## III. *CLAIMS AGAINST INDIVIDUAL UNION MEMBERS*

Although § 301 provides that the union is liable for the acts of its agents, § 301(b) specifically states that any money judgment against the union "shall not be enforceable against any individual member or his assets." 29 U.S.C. § 185(b). Since the plaintiff cannot enforce a judgment of union liability against individual members, the question remains whether the plaintiff can prevail in an action directly against individual union members under § 301.

The United States Court of Appeals for the Sixth Circuit recently determined that a plaintiff cannot state a claim against individual strikers who act without union authorization or approval. In *Complete Auto Transit, et al. v. Reis, et al.*, 614 F.2d 1110 (6th Cir. 1980), the Court concluded "that it was not the intention of Congress in enacting § 301 to create a cause of action for damages against individual union members for breach of a no-strike agreement." *Id.* at 1116.

The Court cited with approval the reasoning of *Sinclair Oil Corp. v. Oil, Chemical & Atomic Workers*, 452 F.2d 49 (7th Cir. 1971) which analyzed the legislative history of § 301 and concluded:

> Congress was well aware of the problems involved in reaching and enforcing no-strike agreements, and we think that when Section 301 was enacted it had no intention of subjecting union members engaged in wildcat strikes to individual liability for damages. We conclude that the primary remedy of Sinclair is discharge or discipline of individual defendants.

*Id.* at 54.

In accordance with the rulings in *Complete Auto Transit* and *Sinclair Oil*, plaintiff's claims against any individual union members are hereby DISMISSED. The Court also notes that this holding effectively eliminates any potential class action claims that the Company could make. The Company cannot relegate the strikers into a class of defendants and then assert claims against the class which it could not assert against its members as individuals.

## IV. *PUNITIVE DAMAGES UNDER § 301*

District courts have been charged with the responsibility of fashioning appropriate remedies in § 301 actions to obtain industrial peace. *Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Various courts have determined whether an award of punitive damages is permissible under this mandate. As a general rule, punitive damages are not available in a breach of contract action although they may be available when there is an independent statutory basis for the suit.

The plaintiff essentially relies on five district court cases to bolster its assertion that punitive damages are permitted under § 301: *Farmer v. Local 1064 United Catering, Restaurant, Bar and Hotel Workers*, 85 L.C. ¶ 11,130 (E.D.Mich.1979) (punitive damages permitted in action by employee against her union for failure of fair representation because of union's reckless disregard of her rights); *United Steelworkers of America v. Butler Manufacturing*

*Company,* 65 L.C. ¶ 11,707 (W.D.Md.1970) (suit by the union against the Company for reimbursement of insurance premium payments made by individual union members during contract negotiations—punitive damages permitted only to cover plaintiffs' actual expenses and attorney fees); *Patrick v. I. D. Packing Co.,* 308 F.Supp. 821 (S.D. Iowa 1969) (suit by discharged employee against employer and union in which the court refused to dismiss the issue of punitive damages in view of *Wanzer, infra* ); *Zamora v. Massey-Ferguson, Inc.,* 336 F.Supp. 588 (S.D.Iowa 1972); (suit by discharged employee against employer and union in which Court refused to dismiss issue of punitive damages citing *Patrick, supra,* and *Wanzer, infra* ).

All of the cases above relied on the case of *Sidney Wanzer & Sons, Inc. v. Milk Drivers Union Local 753,* 249 F.Supp. 664 (N.D. Ill.1966). In *Wanzer* the employer brought a suit against the union and two of its officers for refusal to arbitrate an allegedly arbitrable dispute. The employer sought injunctive relief and compensatory and exemplary damages under § 301.

The union filed a motion to strike the punitive damages issue and the Court held that its *Lincoln Mills* powers allow the award of punitive damages where appropriate. The Court noted the potential deterrent value of punitive damages and refused to strike the punitive damage portion of the complaint without a further development of the facts of the case.

There are several circuit court cases holding that punitive damages may not be awarded in a § 301 suit. In *Local 127 United Shoe Workers v. Brooks Shoe Manufacturing Company,* 298 F.2d 277 (3d Cir. 1962) the union brought an action against the employer under § 301 for breach of the collective bargaining agreement. Despite the egregious conduct of the employers, the Court held that punitive damages are not available in a § 301 suit.

Both the Fourth Circuit and the Ninth Circuit have held that an arbitrator may not award punitive damages for breach of a collective bargaining agreement. *Balti-*

*more Regional Joint Board v. Webster Clothes, Inc.,* 596 F.2d 95 (4th Cir. 1979) (employer sued union for vacation of arbitrator's decision—Court struck punitive damage award citing *Brooks Shoe, supra* ); *Hotel and Restaurant Employees and Bartenders International Union v. Michelson Food Services, Inc.,* 545 F.2d 1248 (9th Cir. 1976) (citing *Brooks Shoe, supra,* punitive damages not appropriate).

In a case similar to this one, the employer brought an action against the union for violation of a no-strike clause in the collective bargaining agreement. In upholding the district court's denial of punitive damages the Court commented:

> The question of whether punitive damages are available in Section 301 actions has come before this court on several previous occasions (citations omitted). These cases emphasize the role of punitive damages in deterring future wrongdoing. On each occasion we found it unnecessary to resolve the issue, for, assuming arguendo the propriety of punitive damages in a Section 301 action, the record in each of those cases failed to support an award of punitive damages.

*Iowa Beef Processors v. Amalgamated Meat Cutters,* 597 F.2d 1138, 1147 (8th Cir. 1979). The Eighth Circuit does not rule here on the propriety of punitive damages as a matter of law because it has never found a case that substantiated punitive damages as a matter of fact.

Another case which is very similar to the instant case is *Delaware Coca-Cola Bottling Company, Inc. v. General Teamsters Local Union 326,* 474 F.Supp. 777 (D.Del.1979). The Coca-Cola Company brought an action against the union for breach of the no-strike clause in the collective bargaining agreement. In accordance with *Brooks Shoe, supra,* the Court held that punitive damages may never be awarded in a § 301 case.

This Court is unpersuaded by the arguments in *Wanzer, supra* that *Lincoln Mills* intended the courts to take punitive as well as remedial measures. The general policy of federal labor laws has always been to

**74**

supply remedies rather than punishments. *See Brooks Shoe, supra,* 298 F.2d at 284–285 citing *Republic Steel Corp. v. NLRB,* 311 U.S. 7, 61 S.Ct. 77, 85 L.Ed. 6 (1940).

The general principles of contract law and federal labor law are amplified in this case by the absence of any factual allegations by plaintiff of outrageous or other conduct which militate in favor of punishment. Accordingly, plaintiff's request for punitive damages is hereby STRICKEN. Defendants' motion to dismiss the issue of punitive damages is hereby GRANTED.

## V. *THE COMPANY CLAIM FOR COMPENSATORY DAMAGES*

The Company bases its claim for compensatory damages upon the actions of the unions in response to the wildcat strike. The Company asserts alternative theories of liability. It alleges that the unions are liable for encouraging, assisting, and supporting the strike or alternately that they are liable for failing or refusing to take steps compelling the employees to return to work.

 Clearly, the unions are not required to take affirmative action to end a wildcat strike. *Carbon Fuel Company v. United Mine Workers of America, et al.,* 444 U.S. 212, 100 S.Ct. 410, 62 L.Ed.2d 394 (1979); *United Steelworkers of America, et al. v. Lorain, A Division of Koehring Company,* 616 F.2d 919 (6th Cir. 1980). The mere refusal by the unions to charge their members with a violation of the union constitution is not actionable. Therefore Count Three of the complaint is hereby STRICKEN and defendants' motion to dismiss Count Three is hereby GRANTED.

 The only issue remaining before the Court is whether the unions acted in any way to encourage or support a strike in breach of the collective bargaining agreement. This is a factual question which cannot be decided on the basis of defendants' motion to dismiss. All other issues in this case are hereby disposed of in accordance with the terms of this order.

It is so ORDERED.