Myrtle L. HOLMES, Plaintiff,

v.

INSURANCE COMPANY OF NORTH
AMERICA, a Pennsylvania cor-
poration, Defendant.

Civ. A. No. 5706.

United States District Court
W. D. Michigan, S. D.

Aug. 15, 1968.

**326**

Howard H. Campbell, Petoskey, Mich., for plaintiff.

Martin B. Breighner, Petoskey, Mich., for defendant.

## OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FOX, District Judge.

This case arises out of two surety bonds furnished by defendant to the Thornton Construction Co., Inc. in connection with the construction of a state highway in Emmet County, Michigan. The surety bonds were furnished pursuant to the provisions of M.S.A. § 26.321 et seq., C.L.1948, § 570.101 et seq., which require contractors on public works to secure payment for materials and labor by providing such bonds. The parties are before the court on defendant's motion for summary judgment.

Plaintiff here claims that she provided material for the Emmet County project, that she has not been paid for that material, and that therefore she has a right to collect from the surety, the principal having refused to make payment. For the purpose of this motion we assume the well pleaded facts in plaintiff's complaint are true.

In February 1962, Thornton Construction Co. contracted with Frank and Norman Schmalzried for the removal of gravel from land owned by them for use in the Emmet County project. On March 21, 1962, Thornton discovered that it had mistakenly removed approximately 52,000 tons of gravel from plaintiff's land.

James Thornton, an officer of the corporation, approached plaintiff and purchased the land in question for $3,200; but he failed to disclose to plaintiff that a large amount of gravel had already been removed from the land.

More than a year later in May, 1963, plaintiff learned of the removal of gravel from the land she had sold. In June of 1963, she commenced suit in the Emmet County Circuit Court against Thornton for willful trespass. On December 9, 1963 a jury returned a verdict in her favor for $2,500. Plaintiff appealed on the grounds that a much higher recovery was supported by the evidence.

In October 1966, the Michigan Court of Appeals reversed the trial court on the grounds that the jury had erroneously been instructed to offset from the damages the amount plaintiff had previously been paid for her land. The case was remanded for a new trial which has not yet commenced.

This action, against Thornton's surety, defendant herein, was commenced in August 1967. Jurisdiction in this court is founded on diversity of citizenship. 28 U.S.C. § 1332.

It appears from the uncontested facts that the plaintiff has been wrongfully dispossessed of her gravel and that compensation is due her. However, the instant law suit is founded on the legal relations which exist between this plaintiff and this defendant insurance company. Those legal relations arise under surety bonds furnished by the defendant pursuant to Michigan statutes; therefore, plaintiff's rights are circumscribed by the provisions contained therein.

Defendant has moved for summary judgment, alleging that: (1) plaintiff failed to satisfy the notice requirements of M.S.A. § 26.322, which requires a sixty-day notice of reliance on the bond; and (2) plaintiff failed to bring her suit within one year of the completion and acceptance of the project as required by M.S.A. § 26.324.

M.S.A. § 26.322 provides that a subcontractor, materialman or laborer shall, within sixty days after furnishing the last materials or supplies, or performing the last work covered by his subcontract,

serve a written notice upon the board of officers or agents contracting on behalf of the state, county, city or other governmental unit, that he is a subcontractor or materialman for a given project and that he relies upon the security of the bond required by this Act to be given by the principal contractor.

M.S.A. § 26.324 provides that such bond may be prosecuted and recovery had at any time within one year after completion and acceptance of the project by any person to whom any money shall be due and payable on account of having furnished any labor or supplies used in the construction of such project.[1]

1. M.S.A. § 26.322 provides:

§ 26.322] Notice by subcontractor, materialman or laborer. SEC. 2. In the case of a subcontractor, he shall within sixty [60] days after furnishing the last material or supplies or performing the last work covered by his subcontract, serve a written notice in duplicate upon the board of officers or agents contracting on behalf of the state, county, city, village, township or school district as aforesaid, that he is a subcontractor for the doing of some part of such work, which he shall specify in his notice and that he relies upon the security of the bond by this act required to be given by the principal contractor, and the said board of officers or agents shall within ten [10] days thereafter furnish a copy of such notice to the sureties for the principal contractor: *Provided, however*, That if such notice is not furnished by the said board of officers or agents within the said ten [10] days such failure shall in no wise release or impair the obligation of said sureties, and whenever this shall have been done, the said subcontractor shall be entitled, subject to the rights of the persons with whom he has contracted for labor, materials or supplies to the benefit of the security given by the principal contractor, and to be subrogated to the liens of the persons who have performed labor or furnished materials or supplies for such building, repairs or ornamentation, whom he shall have actually paid, but the subcontractor and the persons who shall have performed labor or furnished materials or supplies to him shall not in the aggregate be entitled to receive larger sums that [than] may be required from the principal contractor under his contract with the subcontractor, nor shall this act be construed to change in any way the contract which may have been made between the principal contractor and the subcontractor, except when such contract shall attempt to relieve the principal contractor as against the demands of those performing labor or furnishing materials or supplies to the subcontractor. *All others excepting those furnishing labor, relying upon the security given by the principal contractor, shall within sixty [60] days after furnishing the last material or supplies, serve a written notice in duplicate upon the board of officers* or agents contracting on behalf of the state, county, city, village, township, or school district as aforesaid, that such contractor or subcontractor is indebted to them in a specified amount or for the furnishing of certain specified materials or supplies on account of such contract, *and the said board of officers or agents shall within ten [10] days thereafter furnish a copy of such notice to the sureties for the principal contractor; Provided, however*, That if such notice is not furnished by the said board of officers or agents within the said ten [10] days such failure shall in no wise release or impair the obligations of said sureties. C.L. '48, § 570.102; C.L. '29, § 13133; C.L. '15, § 14828.) (Emphasis supplied.)

M.S.A. § 26.324 provides:

§ 26.324 Same; recovery; subcontractors' suit; costs.] SEC. 4. Such bond may be prosecuted and a recovery had at any time within one [1] year after the completion and acceptance of the project, by any person, firm or corporation to whom any money shall be due and payable on account of having performed any labor or furnished any materials or supplies in the erection, repairing or ornamentation of any such building or works, in the name of the people of this state for the use and benefit of such person, firm or corporation: *Provided, however*, That in the case of a suit for the benefit of the subcontractor, he shall be required to allege and prove that he has paid to all parties entitled thereto the full sums due to them for labor, materials or supplies contracted for by him: And *provided further*, That in no case brought under the provisions of this act shall the people of this state be liable for costs. (C.L. '48, § 570.104; C.L. '29, § 13135; C.L. '15, § 14830.)

■ With regard to the sixty-day notice requirement, plaintiff does not claim to have satisfied it, but rather argues that it is not a condition precedent to her cause of action.

In People of State of Michigan for Use and Benefit of F. Yeager Bridge & Culvert Co. v. Cooke Contracting Co., 372 Mich. 563, 127 N.W.2d 308 (1964), the Michigan Supreme Court held that a surety was not liable on bond where the materialman had failed to give notice within the sixty-day mandatory statutory period. It said:

■ As for the surety, the statute places the responsibility upon the materialman to serve notice. Under plaintiff's contention, mere knowledge by the surety of an unpaid bill would oblige the surety to take steps to assure payment on peril of being held liable. The surety would be a virtual insurer of all debts and obliged to supervise the activities of contractors and subcontractors far beyond what is necessary under this statute. The statute places the responsibility upon the materialman for the initiating step within a limited period of time if he wishes to perfect his claim. Had that step been timely taken, unless plaintiff's account was paid, the $38,-940.85 payment from Cooke to Storen would not have been made. 127 N.W. 2d at 309.

The only case which plaintiff relies on which holds to the contrary, Christman v. Southern Surety Co., 43 F.2d 452 (W.D.Mich.,1929), has been expressly rejected by the Michigan Supreme Court in People for Use and Benefit of Wheeling Corrugating Co. v. W. L. Thon Co., 307 Mich. 273, 11 N.W.2d 886, 888. The Michigan Supreme Court there noted that the Christman case had been decided on the basis of the law as it existed prior to the 1927 amendments to § 26.-322. 11 N.W.2d 888.

■ Further, a theory of constructive notice based on the filing of the suit against Thornton is untenable in the face of other language from the Yeager Bridge case, supra.

■ The statutory requirement of notice was not met. That it is mandatory, as to the surety, was decided by this Court in People for Use and Benefit of Wheeling Corrugating Co., v. W. L. Thon Co., 307 Mich. 273, 11 N. W.2d 886. *Mere knowledge by a surety that a certain party had furnished materials is insufficient notice.* 127 N.W.2d at 309. (Emphasis supplied.)

Under the one-year limitation statute, § 26.324, plaintiff's cause of action must be brought within one year after completion of the highway project. The project was completed in September 1963, but this action was not commenced until nearly four years later, August 1967.

Unless the plaintiff can establish facts sufficient to exempt her from the requirements of these statutes, her cause of action must fail.

■ It is true that plaintiff was unaware of her status as a supplier of materials for the state highway project for more than a year. However, at most this would constitute a disability which tolls the statute of limitations. Once the disability is removed, her responsibilities are renewed and the limitation period begins to run. See 34 Am.Jr., Limitation of Actions, § 231 at note 14, and cases cited.

■ These notice requirements and time limitations have been enacted by the State Legislature to expedite public works projects. It has been the determination of that body that it is in the public interest to extinguish claims that are not brought promptly. The courts have uniformly applied and followed this statutory limitation period. People of State of Michigan for Use and Benefit of F. Yeager Bridge & Culvert Co. v. Cooke Contracting Co., supra; People for Use and Benefit of Wheeling Corrugating Co. v. W. L. Thon Co., supra; see also Annotation, 119 A.L.R. 255.

■ No notice was given to the Michigan Highway Department, defendant insurance company, or any other state agency or person as required by

§ 26.322 M.S.A., either sixty days after the materials were supplied or within sixty days after plaintiff became fully aware that she had supplied materials. The defendant surety company received no notice from the plaintiff until on or about December 29, 1965. This was more than two and a half years after plaintiff learned of the removal of the gravel. Even if it were held that the limitation period was tolled because of plaintiff's lack of knowledge of the gravel removal, by plaintiff's own admission she had such knowledge in June of 1963, since she then commenced the suit against Thornton Construction Company claiming damages for trespass. No action was commenced against defendant surety within a year from this time, nor was any notice given it.

For the above reasons, it appears that this action cannot be maintained. Therefore, defendant's motion for summary judgment is granted.

It is so ordered.