**TEXACO, INC., Plaintiff-Appellee,**

v.

**OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL UNION, LOCAL UNION NO. 685, AFL-CIO, Defendant-Appellant.**

No. 72-2890

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1973.

C. Paul Barker, New Orleans, La., for defendant-appellant.

Oliver J. Butler, Jr., Houston, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This case raises again before this circuit the question of whether the determination by the National Labor Relations Board that a union had committed an unfair labor practice in violation of the National Labor Relations Act is *res judicata* in a subsequent suit for damages under Section 303 of the Labor-Management Relations Act. In this case the NLRB held that the appellant union violated Section 8(b)(4)(ii)(B) by engaging in certain unprotected secondary activity affecting appellee Texaco. The District Court for the Western District of Louisiana, 343 F.Supp. 267, held this NLRB decision *res judicata* on the issue of liability and conducted a trial only on the question of damages. Texaco was awarded damages in excess of $24,000.00, and the union now appeals. We affirm.

We note that the NLRB finding of illegal secondary activity in this case was challenged by the union in an enforcement proceeding before this court and that we granted enforcement of the order. National Labor Relations Board v. Lafayette Building & Construction Trades Council, 5 Cir. 1971, 445 F.2d 495.

While the result of applying *res judicata* in this case may seem harsh, especially since there are some definite differences between Board and court proceedings, we feel that affirmance is compelled by the existing case law in this circuit. Painters v. Edgewood Contracting Co., 5 Cir. 1969, 416 F.2d 1081;

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

H. L. Robertson & Associates, Inc. v. Plumbers Local 519, 5 Cir. 1970, 429 F.2d 520. We feel that these two cases are in point on the issue raised in this case and therefore the opinion of the district court is affirmed.