William **CRAWFORD** et al.,
Plaintiffs,

v.

**PITTSBURGH–DES MOINES STEEL CO.**, and International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers of America, Local No. 101, Defendants.

No. C74–164.

United States District Court,
D. Wyoming.

Dec. 13, 1974.

Donald L. Painter, Casper, Wyo., for plaintiffs.

Geo. W. Porter, of Wehrli & Williams, Casper, Wyo., for defendant Pittsburgh-Des Moines Steel Co.

John B. Speight of Hanes, Carmichael, Johnson, Gage & Speight, Cheyenne, Wyo., and John A. Criswell of Criswell & Patterson, Englewood, Colo., for defendant International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers of America, Local No. 101.

*Memorandum Opinion*

KERR, District Judge.

Plaintiffs originally filed this action against Pittsburgh-Des Moines Steel Company, their employer, and the International Brotherhood of Boilermakers, their collective bargaining agent, in the district court for Natrona County, Wyoming. A petition for removal was filed by the union pursuant to 28 U.S.C. §§ 1441(b) and 1446, alleging that the Court had jurisdiction of the matter by virtue of 29 U.S.C.A. § 185. Plaintiffs have made no objection to the removal of this matter but as a court of limited jurisdiction, and as removal is a device that is strictly but fairly applied, it is incumbent that the matter of jurisdiction be resolved. Under 28 U.S.C. § 1441(a), a cause is removable to this Court if the action could have originally been brought here. Jurisdiction to determine a cause is not necessarily exclusive in the federal courts, unless Congress so provides. A reading of 29 U.S.C.A. § 185(a) discloses that Congress has not given federal courts exclusive jurisdiction. A reading of the statute also shows that Congress has not expressly prohibited removal, especially where the action is one for damages rather than for equitable relief. See Dowd Box Co., Inc. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1961); Swift & Company v. United Packinghouse Workers of America, 177 F.Supp. 511 (D.C.Colo.1959); Fay v. American Cystoscope Makers, 98 F.Supp. 278 (S.D.N.Y.1951). The Court has jurisdiction, albeit not exclusive, of the matter and removal was proper.

Plaintiffs were employees of Pittsburgh-Des Moines at the time the grievances arose which gave rise to this action. Presumably they are still employed, although that is of no consequence to the issues of this action. Plaintiff-Crawford alleges that he was denied a wage increase, in February, 1974, due him which resulted in damage to him in the sum of $500.00. From the interrogatories and responses thereto on file herein, it appears that Crawford was suspended from the union for nonpayment of dues on September 1, 1972. Plaintiff-Kerns alleges that he suffered a wage reduction in November 1973, which caused him damage in the amount of $700.00. Plaintiff-Powers alleges that in January 1974, he did not receive a salary in accord with his duties or grade, to his damage in the amount of $600.00. In essence, plaintiffs allege they did not receive the same wages paid to others with similar duties and qualifications. Plaintiffs allege that Pittsburgh-Des Moines willfully refused to allow them time off to vote in the Wyoming primary election of 1974, for which they seek compensatory and punitive damages in the sum of $3,030.00. The collective bargaining agreement provides, at Article 2, ¶ 2.8, that employees are to be allowed two hours on national election day for the purpose of voting. Plaintiffs allege that the foregoing acts of Pittsburgh-Des Moines were in violation of the collective bargaining agreement, then in effect, and attached to their complaint as Exhibit 1.

In their claims against the union, plaintiffs allege that the union breached its duty of fair representation by refusing to take the grievances to arbitration, for which they seek punitive damages in the sum of $10,000.00, and attorney's fees of $2,500.00. Plaintiffs also seek to hold the union jointly liable for the wages they claim are due them. In accordance with the agreement, the grievances of plaintiffs, as pertain to the claims for wages due, had been processed through Steps 1 and 2 but had not been taken to Step 3, i.e., arbitration. The claim for wages and punitive damages for denial of time to vote apparent-

ly were not the subject of any grievance, and presumably were not processed. Article 6, ¶ 6.7, of the agreement provides, "The aggrieved party must notify the answering party within ten (10) working days after receipt of written answer if they desire to go to arbitration." Aggregated, plaintiffs seek $1,830.00 jointly from the defendants and $12,500.00 from the union. In other procedural matters, the plaintiffs filed a charge with the National Labor Relations Board alleging a violation of 29 U.S.C.A. § 158. The regional director refused to issue a complaint and no appeal was taken to the office of the General Counsel as to this refusal. The union filed a motion to dismiss and/or to strike certain claims, and after a hearing, the matter was taken under advisement.

Title 29, U.S.C.A. § 185(a) allows suits to be brought for violations of a collective bargaining agreement in any federal district court having jurisdiction of the parties without regard to the amount in controversy. It has been held that this section has a substantive effect and requires the application of federal law, to the exclusion of inconsistent state or local law. See Textile Workers v. Lincoln Mills, 353 U.S. 448, 456–457, 77 S.Ct. 912, 918, 1 L.Ed.2d 1974 (1957), wherein it was said, "We conclude that the substantive law to apply in suits under § 301(a) is federal law, which the courts must fashion from the policy of our national labor laws . . . [S]tate law, if compatible. . . ., may be resorted to in order to find the rule that will best effectuate the federal policy." For the first time, in Miranda Fuel Co., 140 N.L.R.B. 181, 185 (1962), it was held that a union's violation of its duty of fair representation constituted an unfair practice, stating that the act gave employees "[T]he right to be free from unfair . . . or invidious treatment by their exclusive bargaining agent in matters affecting their employment. . . ."

The law, which has been fashioned by the federal courts most applica-

ble here is to be found in the case of Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The facts are somewhat similar to those here involved. Plaintiff there filed suit in state court against union officials alleging that the union had arbitrarily refused to take his grievance with the employer to arbitration. The union had processed the grievance through lower levels of the grievance machinery in attempting to resolve the dispute. A jury awarded plaintiff compensatory and punitive damages. The Supreme Court generally held that the state courts had jurisdiction but that federal standards must be applied, thus requiring reversal of the lower court's decision. The court defined the bargaining agent's duty of fair representation thusly, "[T]he exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." 386 U.S. at 177, 87 S.Ct. at 910. Recognizing the hybrid nature of a § 185 suit the Court said, "[T]he fact is that the question of whether a union has breached its duty of fair representation will in many cases be a critical issue in a suit . . . charging an employer with a breach of contract." 386 U.S. at 183, 87 S.Ct. at 913. Pittsburgh-Des Moines, in its answer, affirmatively alleges that plaintiffs' sole remedy is remanding for arbitration, if the Court should, initially, find the union not to have fairly represented plaintiffs. For purposes here, the Court answered this contention. "[W]e think the . . . employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance. . . . It is true that the employee's action is based on the employ-

er's alleged breach of contract plus the union's alleged wrongful failure to afford him his contractual remedy of arbitration . . . But we see no reason inflexibly to require arbitration in all cases." 386 U.S. at 186, 196, 87 S.Ct. at 914; see also Hiller v. Liquor Salesmen's Union, 338 F.2d 778 (2d Cir. 1964).

Turning to the merits of the case, the Court held that "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. at 190, 87 S.Ct. at 916 above; see also "Federal Protection of Individual Rights Under Labor Contract," 73 Yale L.J. 1215 (1964). The agreement, above, binding the parties, apparently granted the union, as the aggrieved party, discretion in determining whether to take a grievance to arbitration. This is in accord with many similar agreements wherein arbitration is provided for as a quid pro quo for a non-strike clause; and where the parties rely on the other's good faith in settling grievances short of the expensive and time-consuming process of arbitration. The Court, in Vaca v. Sipes, limited the individual's right to seek arbitration, holding that "[T]he individual employee has no absolute right to have his grievance arbitrated." 386 U.S. at 195, 87 S.Ct. at 919. It was further held that the union could properly refuse to submit a grievance, even though it might have merit, if such action were not arbitrary or discriminatory. Accord, Moore v. Sunbeam Corporation, 459 F.2d 811 (7th Cir. 1972). Thus, in this instance, the matter is properly before this Court for hearing on whether the defendant-union acted arbitrarily, and it is this ultimate issue of fact which necessitates further proof thereof. Resort to arbitration might be a proper remedy at some future point. Yet there are other serious problems which require discussion, and indeed, affect the posture of this case.

Pittsburgh-Des Moines seeks dismissal on the grounds that plaintiffs failed to exhaust their administrative remedies by not appealing the decision of the regional director to the office of the general counsel, above. The reason for such failure does not appear in the file. That such appeal would not have been necessarily futile is supported by various cases, e.g., Steinman v. Spector Freight System, Inc., 441 F.2d 599, 601 (2d Cir. 1971). This being a suit that is brought under § 301, Labor-Management Relations Act, 29 U.S.C.A. § 185; and as Vaca v. Sipes, above, has made clear, a matter not within the exclusive jurisdiction of the National Labor Relations Board, the abandonment of such administrative remedies is not fatal. But see Barunica v. United Hatters Local 55, 321 F.2d 764 (8th Cir. 1963).

The Court must look at the claims and prayer for damages herein sought by plaintiffs. The claims against the company are essentially those involving a breach of contract. It is a general rule that a defendant in a breach of contract action is liable for all damage resulting from the breach that could have been fairly and reasonably contemplated by the parties to the contract at the time of its execution. See Hadley v. Baxendale, 9 Exc. 339 (1854). This rule has been followed in the federal courts and is generally accepted in most jurisdictions. See Local 127, United Shoe Workers v. Brooks Shoe Manufacturing Co., 298 F.2d 277, 282 (3d Cir. 1962); Restatement of Contracts § 330 (1932); 5 Williston, Contracts §§ 1344, 1347 (rev. ed. 1937). Punitive damages are generally not recoverable in a breach of contract action, damages in such a case being limited to the pecuniary loss sustained. See Local 127, United Shoe Workers v. Brooks Shoe Manufacturing Co., 298 F.2d 277, above; Waters v. Trenckmann, 503 P.2d 1187 (Wyo.Sup. Ct.1972); 22 Am.Jur.2d Damages § 245. An award of punitive damages in a breach of contract action is the exception to the rule; and, as federal labor

law policy encourages remedial actions, as opposed to punitive, the claim against the employer for punitive damages cannot stand, absent extraordinary circumstances. See Sidney Wanzer & Sons, Inc. v. Milk Drivers Union, Local 753, 249 F.Supp. 664 (N.D.Ill.1966), wherein such extraordinary circumstances were found but which are not present here. Further, federal labor law encourages resolution of labor disputes by contractual, rather than judicial, means. The claim for punitive and compensatory damages against the employer is based on a denial of time away from the job in order to vote. These claims were never presented as a grievance. To now allow these to form a basis for a claim for relief would be to undermine the collective bargaining agreement grievance procedure and to encourage judicial, rather than contractual, resolution of disputes. These claims therefore cannot be the basis upon which relief should be granted and the motion to strike this claim is granted.

As to the union, it is alleged, generally, that it breached its duty of fair representation, for which plaintiffs seek punitive damages and attorney's fees. As stated in Vaca v. Sipes, 386 U.S. at 195, 87 S.Ct. at 919, above, "The appropriate remedy for a breach of a union's duty of fair representation must vary with the circumstances of the particular breach." Having provided for arbitration in the collective bargaining agreement, it could be an appropriate remedy; and this would be in accord with national labor policy to encourage settlement by such means. See Textile Workers v. Lincoln Mills, 353 U.S. 448, 77 S. Ct. 923, 1 L.Ed.2d 972 (1956).

 Punitive damages are, by their very nature, designed not to compensate for losses sustained but to punish for wrongs done. Though not free of doubt, entirely, it would appear that the claim for punitive damages as against the Union cannot stand, see Vaca v. Sipes, above; see also Local 127, United Shoe Workers v. Brooks Shoe Manufacturing Co., 298 F.2d at 284, above, wherein an award for punitive

damages under 29 U.S.C.A. § 185 was disallowed; the appellate court, noting that the general purpose of the federal labor laws is to supply remedies, rather than punishment, stated, "[T]he type of relief contemplated under Section 301 was remedial as distinguished from punitive." Accord, Williams v. Pacific Maritime Association, 421 F.2d 1287 (9th Cir. 1970). The claim for punitive damages as against the union is therefore one for which relief cannot be granted and the motion to strike this claim is granted.

 Plaintiffs further seek to recover attorney's fees from the defendant union. It is the general rule, and it has been applied in § 185 actions, that "[A]ttorneys' fees are not ordinarily recoverable absent a statutory or contract right or unless the cost is an inherent element of the breach of contract itself." New Park Mining Co. v. United Steelworkers of America, 288 F.2d 225, 228 (10 Cir. 1961). Such is not the case here and the motion to strike this claim is granted.

 Further as pertains to the union, plaintiffs seek a joint award of back pay allegedly due them. But, as Vaca v. Sipes, 386 U.S. at 197, 87 S.Ct. at 920, above makes clear, "[M]ay an award against a union include, as it did here, damages attributable solely to the employer's breach of contract? We think not." The back pay due, if any, is not attributable to actions by the union and thus cannot be the basis for a claim against it.

 As a result, this leaves only the claim of plaintiffs seeking back pay from the employer, Pittsburgh-Des Moines. There are no allegations that the employer repudiated or violated any of the contractual grievance provisions with respect to the incidents in the complaint. The employer went through Steps 1 and 2 of the grievance machinery, after which the union, in its discretion, determined not to take the grievances to arbitration. This is one of the burdens of the collective bargaining agreement that plaintiffs accepted. There is, therefore, no basis for any

claim against the employer, at this point. If plaintiffs should prove that the union unfairly represented them, an award of back pay against the employer would be a possible remedy. See Vaca v. Sipes, above. Remanding for arbitration would also be an appropriate remedy. This is not meant to express any views as to the merits of plaintiffs' claims but only that they should have an opportunity to prove them.

In summary, therefore, the motions to strike and dismiss, being treated as motions to strike, are granted as indicated in this memorandum opinion. The matter should proceed solely on the issue of whether the union breached its duty of fair representation in regard to the grievances for wages allegedly due. If it should be so proven, then the matter of an appropriate remedy would be properly before the Court. As the parties, as now appearing, would be necessary and indispensable to the proof of the issue of fair representation, they should not be dismissed at this time as parties hereto. See Vaca v. Sipes, 386 U.S. at 197, 87 S.Ct. 903, 17 L.Ed.2d 842, above.

An order will be entered in conformity with this memorandum opinion.