**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW); its Local 724 and Earl Huff, Earl Rennaker and Jim Helbig, on behalf of themselves and all others similarly situated, Plaintiffs and Counter Defendants,**

v.

**FEDERAL FORGE, INC., a Michigan corporation, Defendant and Counter Plaintiff.**

**No. G 83–330.**

United States District Court,
W.D. Michigan, S.D.

April 5, 1984.

Samuel C. McKnight, John R. Canzano, Southfield, Mich., Jordan Rossen, Gen. Counsel, Nancy Schiffer, Asst. Gen. Counsel, Detroit, Mich., for plaintiffs and counter defendants.

Ronald R. Pentecost, Lansing, Mich., for defendant and counter plaintiff.

## OPINION

ENSLEN, District Judge.

This action arose from a termination of health insurance benefits by Defendant in connection with the closing of its Federal Division plant in Lansing, Michigan. Plaintiffs contend that retired employees, their eligible dependents and spouses and eligible surviving dependents and spouses, have a vested contractual right to the insurance benefits pursuant to a collective bargaining agreement and employee welfare benefit plan. In a four count Complaint, they seek to enforce this right. Counts I, II and III allege a violation of § 301 of the Labor Management Relations Act of 1947 (LMRA), 29 USC § 185, while Count IV alleges a violation of §§ 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC §§ 1132(a)(1)(B) and 1132(a)(3). Injunctive, declaratory and monetary relief are requested.

On January 11, 1984, Defendant filed a Motion to Strike Plaintiffs' Jury Demand, or for Partial Summary Judgment and to Strike Jury Demand. The Motion to Strike Jury Demand was withdrawn on February 22, 1984. The Motion for Partial Summary Judgment remains, and is presently before

the Court. Deleting those portions of Defendant's motion which deal with the jury trial issue, three issues remain to be addressed herein. They will be discussed *seriatim.*

### I. Standard of Review

To warrant the grant of summary judgment, the moving party bears the burden of establishing the non-existence of any genuine issue of fact that is material to a judgment in his favor. *Adickes v. S.H. Kress & Company,* 398 U.S. 144, 147, 90 S.Ct. 1598, 1602, 26 L.Ed. 142 (1970); *United States v. Articles of Device ... Diapulse,* 527 F.2d 1008, 1011 (CA 6 1976); *Nunez v. Superior Oil Company,* 572 F.2d 1119 (CA 6 1978); *Tee-Pak, Inc. v. St. Regis Paper Company,* 491 F.2d 1193 (CA 6 1974). If no genuine issue as to any material fact is established, the moving party is entitled to judgment as a matter of law. *Chavez v. Noble Drilling Company,* 567 F.2d 287 (CA 5 1978); *Irwin v. U.S.,* 558 F.2d 249 (CA 5 1977).

■ In determining whether or not there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained in the (affidavits, attached exhibits, and depositions) must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed. 176 (1962); *Bohn Aluminum & Brass Corporation v. Storm King Corporation,* 303 F.2d 425 (CA 6 1962). Even if the basic facts are not disputed, summary judgment may be inappropriate when contradictory inferences may be drawn from them. *United States v. Diebold, supra; EEOC v. United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry, Local 189,* 427 F.2d 1091, 1093 (CA 6 1970). In making this determination, the Court must make reference to the entire record and all well pleaded allegations are to be accepted as true. *Dayco Corporation v. Goodyear Tire and Rubber Company,* 523 F.2d 389 (CA 6 1975); *Holmes v. Insurance Company of North America,*

288 F.Supp. 325 (D.C.Mich.1968); *Mahlar v. U.S.,* 196 F.Supp. 362 (D.C.Pa.1961). These guidelines will be adhered to as substantive issues of the motion are examined.

### II. Claim for the Present Value of Future Retiree Insurance Premiums

■ Plaintiffs have requested, as an alternative to their claim for specific performance, damages in the form of the present value of their insurance benefits. Defendant argues that Plaintiffs' request does not entitle them to a jury trial. Defendant does not appear to argue that Plaintiffs are not entitled to assert this claim. Therefore, the Court agrees with Plaintiffs that summary judgment as to this claim must be denied.

### III. Mitigation of Damages

Defendant claims that Plaintiffs have suffered no damages for which it can be held liable. Defendant contends that it made several offers by which payment of insurance premiums would have continued. Defendant alleges that Plaintiffs refused these offers or attached unreasonable and unacceptable conditions on them, thereby failing to mitigate their damages. Defendant believes that Plaintiffs' refusal to eliminate their damages, "when they clearly could have done so on reasonable terms", precludes them from an award of monetary relief for the present value of insurance benefits, and for costs and expenses.

■ According to the Restatement of Contracts 2d (1981), § 350, damages may not be recovered for a loss which the injured party could have avoided without *"undue* risk, burden or humiliation". However, the claimant may not be precluded from recovery to the extent that he or she has made *"reasonable but unsuccessful* efforts to avoid loss" (emphasis added). *See also, Texaco, Inc. v. Operative P & C Masons International Union, Local No. 685,* 343 F.Supp. 267 (W.D.La.1972), *aff'd,* 472 F.2d 594 (CA 5 1973), *cert. den.,* 414 U.S. 1091, 94 S.Ct. 721, 38 L.Ed.2d 548 (1973). This duty to mitigate damages is recognized as a fundamental principle of

contract law. *See, e.g., Tedford v. Peabody Coal Company*, 383 F.Supp. 787 (N.D.Ala. 1974), *rev'd on other grounds*, 533 F.2d 952 (CA 5 1976). The Sixth Circuit has recognized this principle in suits brought under § 301 of the LMRA. *Schneider v. Electric Auto-Lite Company*, 456 F.2d 366, 373 (CA 6 1972).

■ Applying this principle to the instant motion, I believe the question of Plaintiffs' alleged failure to mitigate damages raises genuine issues of material fact which should not be decided by this Court at this stage in these proceedings. Summary judgment as to this issue must be denied.

### IV. Damages for Mental Distress

Defendant contends that damages for mental anguish or distress are generally not awarded in breach of contract actions, and that this tenet has been applied to actions for breach of a collective bargaining agreement under § 301 of the LMRA. Defendant also argues that such damages should not be allowed under § 502 of ERISA.

Neither the parties nor this Court have located any published case law addressing the question of damages for mental distress in § 301 LMRA actions against an employer for breach of a collective bargaining agreement, or in actions under § 502(a)(1)(B) and (a)(3) of ERISA. Therefore, this Court must look to analogous case law and the principles behind the two Acts in question to resolve this issue.

■ The substantive law to be applied in LMRA § 301 suits is federal law, which is to be fashioned from the policy of our national labor laws, existing federal law, and state law to the extent compatible with § 301. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1956); Kheel, *Labor Law* (1982), § 9.07[2],

pp 9–158 to 9–160. As explained by the Supreme Court in *Textile Workers, supra* at 457, 77 S.Ct. at 918.

> The range of judicial inventiveness will be determined by the nature of the problem.... Federal interpretation of the federal law will govern, not state law.... But state law, if compatible with the purpose of § 301, may be resorted to in order to find the rule that will best effectuate the federal policy.... Any state law applied, however, will be absorbed as federal law and will not be an independent source of private rights.

The parties cite this Court to two Sixth Circuit cases. In *Farmer v. ARA Services*, 660 F.2d 1096 (CA 6 1981), the court held that damages for emotional and mental distress may be awarded to employees for a union's breach of its duty of fair representation in an action under §§ 8(b) and 9(a) of the LMRA. Punitive damages may not be so awarded.[1] Plaintiffs had alleged that Defendant Union had failed and/or refused to arbitrate and compromise their legitimate grievances arising under a collective bargaining agreement, and that the union had breached its duty of fair representation by negotiating and entering into the agreement.

*St. Clair v. Local U. No. 515 of Int. Bro. of Teamsters, etc.*, 422 F.2d 128 (CA 6 1969), was an action by an employee against a union local for alleged unfair representation in connection with his discharge from employment. The court held that although the union had breached its duty of fair representation (but had not procured the discharge), it was liable at most for back pay less interim earnings and not for humiliation and embarrassment in the eyes of the member's wife and children and loss of his home to a mortgage holder. The court based this conclusion on the principle of *Hadley v. Baxendale*, 9

---

1. This is in keeping with the general policy of the federal labor laws to supply remedies rather than punishments. *See, e.g., Ironton Coke Corporation v. Oil Chemical & Atomic Workers*, 491 F.Supp. 70, 73 (S.D.Ohio 1980); *Crawford v. Pittsburgh-Des Moines Steel Company*, 386

F.Supp. 290 (D.Wy.1974). However, there is a split of opinion among the other Circuits on the question whether punitive damages are recoverable under § 301 of the LMRA. *See* 48A Am. Jur.2d § 1975, p. 370.

Exch. 341 (1854), that consequential damages in contract law will not be awarded unless the consequences were clearly contemplated by the parties as being at the heart of the contract. *Id.* at 132.

It may be that these decisions are inconsistent, or it may be that the Sixth Circuit intends for the determination as to the availability of mental distress damages to be made on a case-by-case basis. In any event, I find it unnecessary to attempt to resolve this question, because I agree with Plaintiffs that these decisions are not particularly relevant to the issue at hand. Both decisions involved actions against unions by members, and neither appear to involve § 301 of the LMRA. I find it noteworthy, nevertheless, that one panel of this Circuit has allowed damages for mental distress under the LMRA, and that another disallowed such damages only on the ground that they were not "usually" allowed in wrongful discharge cases against a union because they were not contemplated by the parties when contracting. *St. Clair, supra* at 132.

Defendant cites two additional cases, from other Circuits, for its proposition that mental distress damages should not be allowed. In *De Arroyo v. Sindicato de Trabajadores Packing AFL–CIO,* 425 F.2d 281 (CA 1 1970), *cert. den.,* 400 U.S. 877, 91 S.Ct. 121, 27 L.Ed.2d 115 (1970), discharged employees sought recovery from their employer for violation of a seniority provision in a collective bargaining agreement, and from their union for breach of its duty of fair representation. The court held that plaintiffs' request for "mental damages" was properly denied. However, the court qualified this holding with the statement "while we can conceive of extreme conduct by either the employer or the union which might in some cases warrant such an award, it seems clear that ours is not that exceptional case." *Id.* at 293.

*Richardson v. Communications Workers of America,* 443 F.2d 974 (CA 8 1971), *cert. den.,* 414 U.S. 818, 94 S.Ct. 38, 38 L.Ed.2d 50 (1973), the remaining case cited by Defendant, is once again a suit brought by an employee against a union. The court stated that mental distress damages have generally been rejected in the "ordinary" case involving breach of a union's duty of fair representation, or that "in any event" such damages would be slight compared to damages for lost wages. The court held that, "at least in this instance", denial of mental distress damages for breach of the collective bargaining agreement was proper. *Id.* at 982. The court permitted plaintiff to plead, as a separate count against the union, damages for mental distress for the alleged violation of its duty to avoid intentional discrimination against him before and during the time of his discharge. *Id.* at 985.

Again, I am in agreement with Plaintiffs in finding these decisions somewhat ambiguous, and not completely on point with the specific issue involved herein. However, I note that neither case supports a blanket prohibition against mental distress damages in LMRA actions. Instead, the courts leave open the possibility that certain factual circumstances would support a claim for mental distress damages under the Act.

Because there is no federal law on point, the Court believes it necessary to turn to state law for an examination of general contract principles regarding mental distress damages to determine whether this case involves circumstances under which a claim for such damages should be allowed. *See, e.g., Ironton Coke Corporation v. Oil Chemical & Atomic Workers,* 491 F.Supp. 70 (S.D.Ohio 1980); *Chemical Workers v. Pittsburgh Glass,* 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971).

■ Generally, a Defendant in a breach of contract action is liable for all damage resulting from the breach that could have been fairly and reasonably contemplated by the parties when executing the contract. *Hadley v. Baxendale, supra; Crawford v. Pittsburgh-Des Moines Steel Company,* 386 F.Supp. 290, 294 (D.Wy.1974). Federal courts adhere to this rule. *Id.*

■ An examination of Michigan contract law reveals that damages for mental

distress may be awarded in some breach of contract actions. *Kewin v. Massachusetts Mutual Life Insurance Company,* 409 Mich. 401, 295 N.W.2d 50 (1980). There are two principal instances in which such damages may be requested. The first is when a plaintiff properly pleads a claim of tortious injury independent of the breach of contract claim. *Kewin, supra; Van Marter v. American Fidelity Fire Insurance Company,* 114 Mich.App. 171, 318 N.W.2d 679 (1982). This exception is inapplicable herein. The second is when the contract, by its nature, so plainly involves the emotions of the plaintiff that liability for mental distress was or could have been within the contemplation of the breaching party when the contract was executed. *Scott v. Hurd-Corrigan Moving & Storage Company,* 103 Mich.App. 322, 302 N.W.2d 867 (1981).

The second ground was explained by the court in *Stewart v. Rudner,* 349 Mich. 459, 84 N.W.2d 816 (1957), a case wherein mental distress damages were allowed for a physician's breach of a contract to perform a Caesarian section which resulted in a stillborn child. The court stated:

> It is true, in the ordinary commercial contract, damages are not recoverable for disappointment, even amounting to alleged anguish, because of breach. Such damages are, in the words of defendant's requested charge, "too remote". But these are contracts entered into for the accomplishment of a commercial purpose.... Yet not all contracts are purely commercial in their nature. Some involve rights we cherish, dignities we respect, emotions recognized by all as both sacred and personal. In such cases the award of damages for mental distress and suffering is a commonplace, even in actions *ex contractu*.... When we have a contract concerned not with trade and commerce but with life and death, not with profit but with elements of personality, not with pecuniary aggrandizement but with matters of mental concern and solicitude, then a breach of duty with respect to such contracts will inevitably and necessarily result in mental anguish, pain and suffering. In such cases the parties may reasonably be said to have contracted with reference to the payment of damages therefor in event of breach. Far from being outside the contemplation of the parties they are an integral and inseparable part of it. *Id* at 469, 471, 84 N.W.2d 816.

The court in *Kewin, supra* 409 Mich. at 419, 295 N.W.2d 50, held that a disability protection insurance policy contract is a commercial contract, the mere breach of which (by the insurer) does not give rise to a right to recover damages for mental distress. The court distinguished *Stewart* in this way:

> Insurance contracts for disability income protection do not come within the reach of *Stewart.* Such contracts are commercial in nature; they are agreements to pay a sum of money upon the occurrence of a specified event.... The damage suffered upon the breach of the agreement is capable of adequate compensation by reference to the terms of the contract. We recognize that breach of the insurance contract, as with almost any agreement, results in some annoyance and vexation. But recovery for those consequences is generally not allowed, absent evidence that they were within the contemplation of the parties at the time the contract was made. *Kewin, supra* at 416–417, 295 N.W.2d 50.

Relying on *Kewin,* the court in *Fisher v. General Telephone Company of the Northwest, Inc.,* 510 F.Supp. 347 (E.D. Mich.1980), held in a diversity action that damages for mental distress may not be recovered for breach of an employment contract.

Plaintiffs cite *McCune v. Grimaldi Buick-Opel,* 45 Mich.App. 472, 206 N.W.2d 742 (1973) in support of their claim for mental distress damages. The court there held that damages for mental distress may be recovered in a claim for breach of an agreement to pay premiums for medical insurance, wherein plaintiff had been subjected to mental anguish, humiliation, embarrassment and harassment by medical

creditors. Plaintiffs concede, however, that the validity of this decision is unclear in light of *Kewin;* although it may be that the Michigan courts would continue to find this type of contract more like that in *Stewart,* and uphold mental distress damage claims in such cases.

Plaintiffs also cite *Crisci v. Security Insurance Company,* 66 Cal.2d 425, 58 Cal. Rptr. 13, 426 P.2d 173 (1967), involving a suit against an insurance company for wrongful refusal to settle. The court held that the plaintiff could recover damages for mental distress, but cautioned that recovery for mental distress damages should not be allowed in every breach of contract action. The court found it important that the contract involved was one for liability insurance, not one for commercial advantage. *Id.* 58 Cal.Rptr. at 19, 426 P.2d 173. This case is basically in accord with Michigan caselaw regarding recovery for mental distress damages.[2]

 The Court has been presented with no caselaw, except possibly the questioned *McCune* decision, which directly addresses the circumstances involved herein. Nevertheless, the principals of contract law outlined above, while not binding on this Court, are informative, and lead me to conclude that summary judgment as to Plaintiffs' claim for mental distress damages under § 301 of the LMRA should, at this time, be denied.

The agreement involved—for the payment of health and vision care insurance premiums by an employer for retirees—is not, in my opinion, akin to the ordinary commercial employment or insurance contract.[3] It deals not with matters of pecuniary aggrandizement, but with matters obviously of mental concern and solicitude for the retirees: the maintenance of health and vision care insurance during their declining years when they are no longer actively earning an income. As such, I believe it can reasonably be said that matters of mental concern and solicitude were within the contemplation of the parties when executing this agreement. I therefore find that this agreement falls within the Michigan court's *Stewart* line of reasoning, and that Plaintiffs may be allowed to assert their claim for mental distress damages under § 301. This conclusion is in accord with the cited federal decisions, including those of the Sixth Circuit, which recognize that mental distress damages under § 301 may in some circumstances be permitted. This is not to say, however, that a motion as to failure of proof on this claim later in these proceedings would not be considered.

The Court makes the same ruling regarding Plaintiffs' claims for mental distress damages under §§ 502(a)(1)(B) and (a)(3) of ERISA. As mentioned previously, there appear to be no published cases addressing the issue of mental distress damages under this section of ERISA. Cases discussing punitive damages have reached differing conclusions. *See, e.g., Dependahl v. Falstaff Brewing Corporation,* 653 F.2d 1208 (CA 8 1981) *cert. den.,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981); *Calhoun v. Falstaff Brewing Corporation,* 478 F.Supp. 357 (E.D.Mo.1979); *Bittner v. Sadoff & Rudoy Industries,* 490 F.Supp. 534 (E.D.Wis.1980).

The court in *Bittner, supra* at 536, stated the following regarding remedies available under the Act:

Congress intended to provide "the full range of legal and equitable remedies available in both state and federal courts" to those persons who have been injured by those practices made unlawful by ERISA. H.R. No. 93–533, 1974 U.S. Code Congressional and Administrative

---

**2.** According to the Sixth Circuit in *International Union (UAW) v. Yard-Man, Inc.,* 716 F.2d 1476 (CA 6 1983), this Court may only look to the substantive law of the state in which the contract arose; in this case being Michigan. *Id* at 1487. The *Crisci* case is nevertheless mentioned herein because it is cited by Plaintiffs, and because it is in accord with Michigan law.

**3.** *See International Union (UAW) v. Yard-Man, Inc., supra* (see footnote 2), for an interesting discussion of the unique status of retirees, and the permissive rather than mandatory nature of benefits afforded retirees in collective bargaining agreements.

News, Vol. 3 at 4639, 4655. Plaintiff's damage claims, while perhaps overly optimistic, are not so removed from what he plausibly could be awarded were he to prevail on the merits as to require that the claims be stricken. This conclusion goes for Plaintiff's claim for punitive damages as well.

This reasoning is equally applicable herein. Damages for mental distress should be available for Plaintiffs under § 502 of ERISA, dependent, of course, upon the presentation of adequate proofs on this issue.

In sum, the Court is of the opinion that claims for mental distress damages may, in some circumstances, be awarded in actions under § 301 of the LMRA, and § 502 of ERISA. The Court declines to rule, as a matter of law, that Plaintiffs may not pursue these claims. As to Plaintiffs' proof on these issues, the Court believes there exist genuine issues of material fact which must be resolved by the trier of fact. Defendant's Motion for Partial Summary Judgment is, in all respects, DENIED.